IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BYRON K. M., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:21-cv-317-K-BN |
| | § | |
| KILOLO KIJAKAZI, Acting | § | |
| Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Byron K. M. seeks judicial review of a final adverse decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). For the reasons explained below, the hearing decision should be reversed.

### Background

Plaintiff alleges that he is disabled as a result of congestive heart failure and high blood pressure. After his applications for disability insurance benefits and supplemental security income ("SSI") benefits were denied initially and on reconsideration, Plaintiff requested a hearing before an administrative law judge ("ALJ"). That hearing was held on May 19, 2020. *See* Dkt. No. 17-1 at 27-46. At the time of the hearing, Plaintiff was 51 years old. He has a GED and no relevant past work experience. Plaintiff has not engaged in substantial gainful activity since April 10, 2018.

The ALJ found that Plaintiff was not disabled and therefore not entitled to disability or SSI benefits. *See id.* at 14-22. Although the medical evidence established that Plaintiff suffered from congestive heart failure, hypertension, obesity, and stage 3 chronic kidney disease, the ALJ concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations. The ALJ further determined that Plaintiff had the residual functional capacity ("RFC") to perform a limited range of light work. Relying on a vocational expert's testimony, the ALJ found that Plaintiff was capable of working as a housekeeping cleaner, bench assembler, and hand packager – jobs that exist in significant numbers in the national economy.

Plaintiff appealed that decision to the Appeals Council. The Council affirmed.

Plaintiff then filed this action in federal district court. Plaintiff contends that the hearing decision is not supported by substantial evidence and results from reversible legal error for three reasons: (1) the ALJ failed to consider the effects of all of Plaintiff's impairments in determining the RFC, (2) the ALJ failed to consider the effects of treatment for Plaintiff's impairments in determining the RFC, and (3) the ALJ improperly substituted his opinion for that of a medical professional to determine the RFC.

The undersigned concludes that the hearing decision should be reversed and this case remanded to the Commissioner of Social Security for further proceedings consistent with these findings and conclusions.

**Legal Standards**

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether Commissioner applied the proper legal standards to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *accord Copeland*, 771 F.3d at 923. The Commissioner, rather than the courts, must resolve conflicts in the evidence, including weighing conflicting testimony and determining witnesses' credibility, and the Court does not try the issues *de novo*. *See Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995); *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994). This Court may not reweigh the evidence or substitute its judgment for the Commissioner's but must scrutinize the entire record to ascertain whether substantial evidence supports the hearing decision. *See Copeland*, 771 F.3d at 923; *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988). The Court "may affirm only on the grounds that the Commissioner stated for [the] decision." *Copeland*, 771 F.3d at 923.

"In order to qualify for disability insurance benefits or [supplemental security income], a claimant must suffer from a disability." *Id.* (citing 42 U.S.C. § 423(d)(1)(A)). A disabled worker is entitled to monthly social security benefits if certain conditions are met. *See* 42 U.S.C. § 423(a). The Act defines "disability" as the inability to engage in substantial gainful activity by reason of any medically determinable physical or

mental impairment that can be expected to result in death or last for a continued period of 12 months. *See id.* § 423(d)(1)(A); *see also Copeland*, 771 F.3d at 923; *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985).

"In evaluating a disability claim, the Commissioner conducts a five-step sequential analysis to determine whether (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity." *Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007).

The claimant bears the initial burden of establishing a disability through the first four steps of the analysis; on the fifth, the burden shifts to the Commissioner to show that there is other substantial work in the national economy that the claimant can perform. *See Copeland*, 771 F.3d at 923; *Audler*, 501 F.3d at 448. A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *See Copeland*, 771 F.3d at 923; *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In reviewing the propriety of a decision that a claimant is not disabled, the Court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's final decision. The Court weighs four elements to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining

physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *See Martinez*, 64 F.3d at 174.

The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *See Ripley*, 67 F.3d at 557. If the ALJ does not satisfy this duty, the resulting decision is not substantially justified. *See id.* However, the Court does not hold the ALJ to procedural perfection and will reverse the ALJ's decision as not supported by substantial evidence where the claimant shows that the ALJ failed to fulfill the duty to adequately develop the record only if that failure prejudiced Plaintiff, *see Jones v. Astrue*, 691 F.3d 730, 733 (5th Cir. 2012) – that is, only if Plaintiff's substantial rights have been affected, *see Audler*, 501 F.3d at 448. "Prejudice can be established by showing that additional evidence would have been produced if the ALJ had fully developed the record, and that the additional evidence might have led to a different decision." *Ripley*, 67 F.3d at 557 n.22. Put another way, Plaintiff "must show that he could and would have adduced evidence that might have altered the result." *Brock v. Chater*, 84 F.3d 726, 728-29 (5th Cir. 1996).

## Analysis

Among the arguments Plaintiff makes is a single ground that compels remand – the ALJ failed to obtain a medical professional's opinion concerning the effects of Plaintiff's stage 3 chronic kidney disease and congestive heart failure on his capacity to work and instead substituted his lay judgment in determining Plaintiff's RFC.[1]

---

[1] By recommending remand of this case for further administrative proceedings, the undersigned does not suggest that Plaintiff is or should be found disabled.

"It is the responsibility of the ALJ to interpret 'the medical evidence to determine [a claimant's] capacity for work.'" *Fontenot v. Colvin*, 661 F. App'x 274, 277 (5th Cir. 2016) (quoting *Taylor v. Astrue*, 706 F.3d 600, 603 (5th Cir. 2012)). "The ALJ makes an RFC determination based on all the relevant medical and other evidence in the record," *Gonzales v. Colvin*, No. 3:15-cv-685-D, 2016 WL 107843, at *9 (N.D. Tex. Jan. 11, 2016) (citing 20 C.F.R. § 404.1545(a)(1)), and "is entitled to determine the credibility of medical experts as well as lay witnesses and to weigh their opinions and testimony accordingly," *Fontenot*, 661 F. App'x at 277 (quoting *Moore v. Sullivan*, 919 F.2d 901, 905 (5th Cir. 1990)).

"Usually, the ALJ should request a medical source statement describing the types of work that the applicant is still capable of performing. The absence of such a statement, however, does not, in itself, make the record incomplete." *Ripley*, 67 F.3d at 557 (citing 20 C.F.R. § 404.1513(b)(6)). "[W]here no medical statement has been provided, [the Court's] inquiry focuses upon whether the decision of the ALJ is supported by substantial evidence in the existing record." *Id.*; *accord Gutierrez v. Barnhart*, No. 04-11025, 2005 WL 1994289, at *7 (5th Cir. Aug. 19, 2005) (citation omitted).

Plaintiff contends the ALJ's RFC is not supported by substantial evidence because, after the ALJ concluded the medical opinions addressing the functional effect of Plaintiff's severe impairments were unpersuasive, he relied on his own lay interpretation of the objective medical data to determine Plaintiff's RFC.

The Commissioner does not dispute that the ALJ determined the Plaintiff's RFC based on his own interpretation of the medical records – without obtaining an updated medical source statement. But the Commissioner responds that what Plaintiff characterizes as the ALJ's substituting his opinion for that of a medical professional is actually the ALJ's properly interpreting the medical evidence to determine Plaintiff's capacity for work. *See* Dkt. No. 23 at 6-8.

In *Ripley*, the United States Court of Appeals for the Fifth Circuit found that the ALJ's determination was not substantially supported where there was evidence in the record indicating that the claimant suffered from and received treatment for his medical condition but no medical professional's assessment of how that condition impacted the claimant's ability to work. *See Ripley*, 67 F.3d at 557. The same is true here.

The only medical opinions in the record addressing Plaintiff's functional limitations were those of the non-examining state medical consultants. On February 18, 2019, Yvonne Post, D.O. completed a residual functional capacity assessment. *See* Dkt. No. 17-1 at 47-54. Dr. Post opined that Plaintiff has the RFC to perform the full range of light work with no additional limitations. *See id*. at 51; *see also id*. at 20. On May 1, 2019, Jeanine Kwun, M.D. concurred in Dr. Post's opinions and findings. *See id*. at 60-74.

The ALJ found those opinions unpersuasive because updated medical evidence received at the hearing level showed that Plaintiff was more limited than previously determined. The ALJ explained that the non-examining state medical consultants'

7

opinions were not persuasive or supported by medical evidence received at the hearing level because the residual effects of Plaintiff's elevated hypertension, which caused stage 3 chronic kidney disease and congestive heart failure, were not considered. *See id.* at 20.

Without obtaining an updated medical source statement, the ALJ determined that Plaintiff had the RFC to perform a limited range of light work. The ALJ found that Plaintiff can climb ramps and stairs occasionally but cannot climb ropes, ladders, or scaffolds; can balance, stoop, kneel, crouch, and crawl occasionally; and must avoid concentrated exposure to extremes of heat and cold, hazards such as dangerous moving machinery, and unprotected heights. *See id.* at 17.

But the ALJ fails to identify any evidence clearly establishing the actual effect Plaintiff's physical conditions had on his ability to work. *See Ripley*, 67 F.3d at 557. And it is improper for the ALJ to infer what Plaintiff's capabilities to work are based on his own interpretation of those records. *See id.* at 557 n.27 ("Without reports from qualified medical experts, however, we cannot agree that the evidence substantially supports the conclusion that Ripley was not disabled because we are unable to determine the effects of Ripley's condition, no matter how 'small,' on his ability to perform sedentary work.").

The United States Court of Appeals for the Fifth Circuit has explained that, as a non-medical professional, the ALJ is not permitted to "draw his own medical conclusions from some of the data, without relying on a medical expert's help." *Frank v. Barnhart*, 326 F.3d 618, 621-22 (5th Cir. 2003). The Court of Appeals has reasoned

that "'[c]ommon sense can mislead'" and "'lay intuitions about medical phenomena are often wrong.'" *Id.* (quoting *Schmidt v. Sullivan*, 914 F.2d 117, 118 (7th Cir. 1990)). As the undersigned noted in *Montoya v. Berryhill*, "[c]ourts have therefore consistently found that an ALJ's RFC determination is not supported by substantial evidence when the ALJ has failed to either elicit or take into account the opinion of a treating or examining physician." No. 3:16-cv-1594-D-BN, 2017 WL 3835950, at *4 (N.D. Tex. Aug. 1, 2017) (citing *Ripley*, 67 F.3d at 557-58); *see also Williams v. Astrue*, 355 F. App'x 828, 832 (5th Cir. 2009) (holding that "the ALJ impermissibly relied on his own medical opinions as to the limitations presented by 'mild to moderate stenosis' and 'posterior spurring' to develop his factual findings"); *Butler v. Barnhart*, 99 F. App'x 559, 560 (5th Cir. 2004) ("There was no medical opinion or evidence submitted reflecting that, after Butler had two and one-half toes amputated from his left foot, he could perform work requiring standing or walking for six-hour periods during an eight-hour workday. Thus, there was not substantial medical evidence in the record to support the ALJ's determination."); *Tyler v. Colvin*, No. 3:15-cv-3917-D, 2016 WL 7386207, at *5 (N.D. Tex. Dec. 20, 2016) (concluding that "the ALJ impermissibly relied on his own medical opinion to develop his RFC determination").

The ALJ's RFC finding is not supported by substantial evidence and the ALJ's failure to obtain an updated medical source opinion to help him determine Plaintiff's RFC is material and prejudicial because the medical source might lead the ALJ to a different determination as to Plaintiff's RFC.

## Recommendation

The hearing decision should be reversed and this case remanded to the Commissioner of Social Security for further proceedings consistent with this opinion.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 5, 2022

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE